# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-60111

United States Court of Appeals
Fifth Circuit
**FILED**
April 10, 2019
Lyle W. Cayce
Clerk

In re: TIMOTHY PERRY,

> Movant

Motion for an order authorizing
the United States District Court for the
Northern District of Mississippi to consider
a successive 28 U.S.C. § 2254 application

Before OWEN, HO, and DUNCAN, Circuit Judges.

PER CURIAM:[*]

Following the district court's transfer of this case to our court, Timothy Perry, Mississippi prisoner # T0478, moves for authorization to file a second or successive 28 U.S.C. § 2254 application challenging his conviction and 30-year sentence for sexual battery. In transferring the case, the district court determined that Perry's § 2254 application was a second or successive § 2254 application.

Perry raised his first proposed claim, a claim that the Mississippi Supreme Court violated his due process rights when it denied his 2015 and 2017 motions for DNA testing, in an earlier motion for authorization. We denied authorization as unnecessary for this claim because Perry's motions for DNA testing were denied after his original § 2254 application, and the claim

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

was thus not successive for purposes of 28 U.S.C. § 2244(b)(3)(A). *See Leal Garcia v. Quarterman*, 573 F.3d 214, 220-24 (5th Cir. 2009). This court's authorization to file a § 2254 application raising this claim is not necessary. *See id.* at 224. Moreover, the district court's transfer order was improper, and we lack jurisdiction to consider the claim. *See Adams v. Thaler*, 679 F.3d 312, 321 (5th Cir. 2012).

Perry's second proposed claim is a request that the district court order DNA testing pursuant to 18 U.S.C. § 3600. He complains that no DNA testing has ever been done on fluid samples taken from the victim and asserts that DNA testing would demonstrate his innocence.

A motion for DNA testing that attacks the underlying conviction is properly treated as a motion for leave to file a successive § 2254 application. *Kutzner v. Cockrell*, 303 F.3d 333, 337 (5th Cir. 2002). Therefore, Perry must make a prima facie showing that the claim satisfies § 2244(b). *See Felker v. Turpin*, 518 U.S. 651, 657 (1996); § 2244(b)(3)(C).

Perry does not contend that this claim relies on a new rule of law. He argues, however, that the absence of DNA testing qualifies as "new evidence" because, if DNA tests were conducted, they would eliminate the possibility of his guilt. To meet § 2244(b)(2)'s actual innocence provision, Perry must show that "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence," § 2244(b)(2)(B)(i), and that "the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense," § 2244(b)(2)(B)(ii). Perry has not made a prima facie showing that his claim satisfies this standard. The

No. 19-60111

sexual abuse of the victim occurred on more than one occasion over an extended period of time. The fluid sample was taken at a single point in time.

In light of the foregoing, IT IS ORDERED that Perry's motion for leave to file a successive § 2254 application is DENIED IN PART with respect to his request for leave to raise a § 2254 claim seeking DNA testing and DISMISSED IN PART with respect to his request for leave to raise a § 2254 claim that his due process rights were violated when the Mississippi Supreme Court denied his 2015 and 2017 motions for DNA testing. The district court's transfer order is VACATED IN PART with respect to Perry's due process claim, and the case is REMANDED to the district court for proceedings consistent herewith.



**Certified as a true copy and issued as the mandate on Apr 10, 2019**

**Attest:** *Lyle W. Cayce*
**Clerk, U.S. Court of Appeals, Fifth Circuit**

# United States Court of Appeals

**FIFTH CIRCUIT**
**OFFICE OF THE CLERK**

**LYLE W. CAYCE**
**CLERK**

**TEL. 504-310-7700**
**600 S. MAESTRI PLACE,**
**Suite 115**
**NEW ORLEANS, LA 70130**

April 10, 2019

Mr. David Crews
Northern District of Mississippi, Aberdeen
United States District Court
301 W. Commerce Street
Aberdeen, MS 39730

    No. 19-60111   In re: Timothy Perry
                         USDC No. 1:19-CV-29

Dear Mr. Crews,

Enclosed is a certified copy of an opinion entered on April 10, 2019. We have closed the case in this court.

                        Sincerely,

                        LYLE W. CAYCE, Clerk

                        By: _____
                        Nancy F. Dolly, Deputy Clerk
                        504-310-7683

Enclosure(s)

cc:  Mr. Timothy Perry