IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

TIMOTHY PERRY                                                            PETITIONER

v.                                                             No. 1:19CV29-SA-JMV

PELICIA HALL, ET AL.                                          RESPONDENTS

MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition of Timothy Perry for a writ of *habeas corpus* under 28 U.S.C. § 2254. The State has moved to dismiss the petition; Perry has responded, and the State has replied. The matter is ripe for resolution. For the reasons set forth below, the State's motion to dismiss will be granted, and the instant petition will be dismissed both for failure to state a claim upon which relief could be granted and as untimely filed.

*Habeas Corpus Relief Under 28 U.S.C. § 2254*

The writ of *habeas corpus*, a challenge to the legal authority under which a person may be detained, is ancient. Duker, The English Origins of the Writ of Habeas Corpus: A Peculiar Path to Fame, 53 N.Y.U.L.Rev. 983 (1978); Glass, Historical Aspects of Habeas Corpus, 9 St. John's L.Rev. 55 (1934). It is "perhaps the most important writ known to the constitutional law of England," *Secretary of State for Home Affairs v. O'Brien*, A.C. 603, 609 (1923), and it is equally significant in the United States. Article I, § 9, of the Constitution ensures that the right of the writ of *habeas corpus* shall not be suspended, except when, in the case of rebellion or invasion, public safety may require it. *Habeas Corpus*, 20 Fed. Prac. & Proc. Deskbook § 56. Its use by the federal courts was authorized in Section 14 of the Judiciary Act of 1789. *Habeas corpus* principles developed over time in both English and American common law have since been codified:

> The statutory provisions on *habeas corpus* appear as sections 2241 to 2255 of the 1948 Judicial Code. The recodification of that year set out important procedural limitations and additional procedural changes were added in 1966. The scope of the writ, insofar

as the statutory language is concerned, remained essentially the same, however, until 1996, when Congress enacted the Antiterrorism and Effective Death Penalty Act, placing severe restrictions on the issuance of the writ for state prisoners and setting out special, new *habeas corpus* procedures for capital cases. The changes made by the 1996 legislation are the end product of decades of debate about *habeas corpus*.

*Id*. Under 28 U.S.C. § 2254, a federal court may issue the writ when a person is held in violation of the *federal* Constitution or laws, permitting a federal court to order the discharge of any person held by a *state* in violation of the supreme law of the land. *Frank v. Mangum*, 237 U.S. 309, 311, 35 S. Ct. 582, 588, 59 L. Ed. 969 (1915).

*Facts and Procedural Posture*

Timothy Perry was convicted of sexual battery against his stepdaughter in the Leflore County Circuit Court. He was sentenced on November 20, 2002, to serve a term of thirty (30) years in the custody of the Mississippi Department of Corrections ("MDOC"). *See* Exhibit A.[1] On direct appeal, the Mississippi Court of Appeals affirmed Perry's conviction and sentence in a written opinion. *See* Exhibit B. *Perry v. State*, 904 So. 2d 1122 (Miss. Ct. App. 2004) (Cause No. 2003-KA-00408-COA). Perry then sought post-conviction relief based upon various allegations of ineffective assistance of trial counsel, which the Mississippi Supreme Court denied on June 29, 2005. *See* Exhibit C; *see also* State Court Record ("SCR"), Cause No. 2005-M-00880. The Mississippi Supreme Court further found that Perry's claims of newly discovered evidence were without merit. *See* Exhibit C. The "newly discovered evidence" was the allegation that his ex-wife had accused her new husband of sexual battery, as well. Doc. 13-7 at 7.

On April 24, 2009, Perry filed a second *pro se* "Application for Leave to Proceed in the Trial Court," challenging his indictment and asserting a claim based on "newly discovered evidence" that his

---

[1] The exhibits referenced in the instant memorandum opinion may be found attached to the State's Motion to dismiss.

2

accuser, his ex-wife, recently accused her current husband of a similar offense. *See* SCR, Cause No. 2005-M-00880. On June 3, 2009, the Mississippi Supreme Court dismissed in part and denied in part Perry's application, "find[ing] that Perry's claims other than the claim of newly discovered evidence [we]re procedurally barred." *See* Exhibit D. The Mississippi Supreme Court further found that Perry's "claim of newly discovered evidence [wa]s without merit." *See id.*

On February 7, 2011, Perry filed a third *pro se* "Application for Leave to Proceed in the Trial Court," which was docketed in Mississippi Supreme Court Cause Number 2011-M-00194. In his third application, Perry asserted that he was "entitled to a lesser-included jury instruction of fondling" and again raised various claims challenging his indictment. *See* SCR, Cause No. 2011-M-00194. By Order filed on March 3, 2011, the Mississippi Supreme Court dismissed Perry's application as untimely – and barred as a successive writ. *See* Exhibit E (citing Miss. Code Ann. §§ 99-39-5, 99-37-27). The Mississippi Supreme Court further found that, notwithstanding the procedural bars, Perry's application was without merit and that the filing of future frivolous petitions would subject Perry to the imposition of sanctions. *See* Exhibit E.

On July 2, 2013, Perry filed a fourth *pro se* "Application for Leave to Proceed in the Trial Court," which was also docketed in Mississippi Supreme Court Cause Number 2011-M-00194. *See* SCR, Cause No. 2011-M-00194. In his fourth application, Perry again raised various challenges to his indictment. *See id.* By Order filed on August 8, 2013, the Mississippi Supreme Court dismissed Perry's application as untimely – and barred as a successive writ. *See* Exhibit F (citing Miss. Code Ann. §§ 99-39-5, 99-37-27). The Mississippi Supreme Court further found that no exception to the procedural bars existed and that, notwithstanding the procedural bars, Perry's application was without merit. *See* Exhibit F. Finally, the Mississippi Supreme Court found that Perry's fourth application was frivolous and imposed sanctions. *See id.*

On March 18, 2015, Perry filed a *pro se* "Application for Leave to Proceed in the Trial Court on Motion for Post-Conviction Relief and Request for DNA Testing," which was also docketed in Mississippi Supreme Court Cause Number 2011-M-00194. *See* SCR, Cause No. 2011-M-00194. In his application and attached motion, Perry requested "forensic DNA testing of biological evidence secured in relation to the investigation or prosecution attendant to Petitioner[']s conviction." *See* SCR, Cause No. 2011-M-00194. Perry brought his claim for DNA testing under the Mississippi Uniform Post-Conviction Relief Act, Miss. Code Ann. § 99-39-1, *et seq*. In his state court request for DNA testing, Perry raised the following four claims for post-conviction relief, *pro se*:

(1) Petitioner request[s] forensic DNA testing of biological evidence secured in relation to the investigation or prosecution attendant to Petitioner[']s conviction.

(2) That the conviction was imposed in violation of the constitution of the U.S. or the constitution or laws of Mississippi where Petitioner was denied his 5th and 14th Amendment right to due process and 6th Amendment right to assistance of counsel during custodial interrogation.

(3) That Perry was denied his Fifth (5th) Amendment right to due process by the State's failure to produce *Brady* material for impeachment purposes in violation of *Brady v. Maryland* and Rule 9.04 of the Uniform Circuit and County Court Rules.

(4) That Perry was denied his right to effective assistance of counsel as guaranteed by the Sixth (6th) Amendment to the United States Constitution and *Strickland v. Washington*.

*See* SCR, Cause No. 2011-M-00194.

On May 20, 2015, the Mississippi Supreme Court entered an Order denying Perry's request for DNA testing, specifically finding that Perry failed to show a reasonable probability that DNA testing would have affected the outcome of his trial. *See* Exhibit G. Mr. Perry was convicted based upon evidence of a series of incidents of sexual abuse, while the DNA evidence at issue involved only a single instance. Doc. 8 at 2-3. The Mississippi Supreme Court dismissed Perry's remaining claims, finding that they were subject to both the statutory time bar and the successive writ bar and that no exception to

the bars existed. *See id*. (citing Miss. Code Ann. §§ 99-39-5 and 99-39-27). This decision is the first with which Perry takes issue in Ground One of the instant federal *habeas* petition. *See* ECF Doc. 1 at 8.

Over two years later, on September 29, 2017, Perry filed another *pro se* "Application for Leave to Proceed in the Trial Court on Motion for Post-Conviction Collateral Relief," which was also docketed in Mississippi Supreme Court Cause Number 2011-M-00194. *See* SCR, Cause No. 2011-M-00194. In his application and attached motion, Perry requested "forensic DNA testing of biological evidence secured in relation to the investigation or prosecution attendant to Petitioner[']s conviction." *See* SCR, Cause No. 2011-M-00194. Perry again brought his claim for DNA testing pursuant to the Mississippi Uniform Post-Conviction Relief Act, Miss. Code Ann. § 99-39-1, *et seq*. Specifically, Perry raised the following six claims for post-conviction relief, *pro se*:

(1) Whether the Petitioner was denied his right to protection against double jeopardy as guaranteed by the Fifth (5th) and Fourteenth (14th) Amendments to the U.S. Constitution and Article 3 Section 22 of the Mississippi Constitution of 1890 subjecting him to multiple punishments.

(2) Petitioner [requests] forensic DNA testing of biological evidence secured in relation to the investigation or the prosecution attendant to the Petitioner[']s conviction.

(3) Whether Petitioner[']s probation was unlawfully revoked denying him his fundamental constitutional right to due process in sentencing as guaranteed by the Fifth (5th) and Fourteenth (14th) Amendments to the U.S. Constitution and Article 3 Section 14 of the Mississippi Constitution of 1890.

(4) Whether Petitioner's indictment is defective denying him his fundamental right to due process of law and the right to be free from double jeopardy as guaranteed by the Fifth (5th) and Fourteenth (14th) Amendments of the United States Constitution and Article 3 Section 22 of the Mississippi Constitution.

(5) That there exists evidence of material fact not previously presented and heard, which is of such nature that qualifies as newly discovered evidence which would require vacation of conviction and sentence in the interest of justice.

(6) Whether Petitioner was denied his Sixth Amendment fundamental constitutional right to effective assistance of counsel as guaranteed by the U.S. Constitution and Article 3 Section 26 of the Mississippi Constitution resulting in a denial of due process guaranteed by the Fifth and Fourteenth Amendments of the U.S. Constitution and Article 3 Section 14 of the Mississippi Constitution.

*See* SCR, Cause No. 2011-M-00194. On November 29, 2017, the Mississippi Supreme Court entered an Order denying in part and dismissing in part Perry's application, as follows:

> After due consideration, the panel finds that Perry's claim of newly discovered evidence does not require relief at this point and that the petition should be denied as to that issue. The panel finds that the remaining claims raised in the petition are subject to the statutory time bar and the successive writ bar. Miss. Code Ann. §§ 99-39-5 and 99-39-27. Further, many of these claims have been raised and rejected in prior proceedings or could have been raised previously. Those issues are precluded. Miss. Code Ann. § 99-39-21. The panel finds that no exception to the bars exists and that those claims should be dismissed.

*See* Exhibit H.

On February 5, 2019, Perry filed the instant federal *habeas* petition, raising the following two grounds for relief, *pro se*:

Ground One: Whether the Petitioner was denied due process by the state supreme court by denying his motion for PCR DNA testing.

Ground Two: Petitioner['s] request for forensic DNA testing of biological evidence in the form of vaginal, oral and rectal swabs.

ECF Doc. 1. In support of Ground One, Perry states that he is "appealing the denial of his 2015 and 2017 [motions for post-conviction relief]" in the instant federal *habeas* petition. *Id*. at 8. In his prayer for relief, Perry requests that this court order the state court to grant DNA testing of the biological evidence and order the Lowndes County District Attorney's Office and Sheriff's Department to release the swabs for DNA testing. *Id*. at 19.

*Successive Petition*

Mr. Perry has filed at least two other unsuccessful federal *habeas corpus* petitions challenging

his sexual battery conviction. *See Perry v. Epps, et al.*, 1:05CV223-SA-JAD (N.D. Miss. 2008) (petition dismissed); *Perry v. Epps*, 1:09CV214-MPM-JAD (N.D. Miss. 2009) (petition successive). The Antiterrorism and Effective Death Penalty Act requires that before a district court files a second or successive petition, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." In the instant case, the court found that Perry failed to obtain such an order; however, instead of dismissing the instant petition on this basis, on February 20, 2019, the court entered an "Order Transferring Case to the Fifth Circuit Court of Appeals" in the interest of judicial economy and closed this case. ECF Doc. 5 (citing *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997) (explaining that the Fifth Circuit permits district courts to transfer the petition for consideration pursuant to 28 U.S.C. § 2244(a) and (b)(3)(c)).

Following this court's transfer of this case, Perry moved for authorization to file a second or successive 28 U.S.C. § 2254 petition challenging his conviction and 30-year sentence for sexual battery.

On April 10, 2019, the Fifth Circuit issued an unpublished opinion, holding:

Perry raised his first proposed claim, a claim that the Mississippi Supreme Court violated his due process rights when it denied his 2015 and 2017 motions for DNA testing, in an earlier motion for authorization. We denied authorization as unnecessary for this claim because Perry's motions for DNA testing were denied after his original § 2254 application, and the claim was thus not successive for purposes of 28 U.S.C. § 2244(b)(3)(A). *See Leal Garcia v. Quarterman*, 573 F.3d 214, 220-24 (5th Cir. 2009). This court's authorization to file a § 2254 application raising this claim was not necessary. *See id.* at 224. Moreover, the district court's transfer order was improper, and we lack jurisdiction to consider the claim. *See Adams v. Thaler*, 679 F.3d 312, 321 (5th Cir. 2012).

Perry's second proposed claim is a request that the district court order DNA testing pursuant to 18 U.S.C. § 3600. He complains that no DNA testing has ever been done on fluid samples taken from the victim and asserts that DNA testing would demonstrate his innocence.

ECF Doc. 8 at 1-2. The Fifth Circuit further held that "[a] motion for DNA testing that attacks the underlying conviction is properly treated as a motion for leave to file a successive § 2254 application."

7

*Id*. at 2 (citing *Kutzner v. Cockrell*, 303 F.3d 333, 337 (5th Cir. 2002)). As such, the Fifth Circuit determined that "Perry must make a prima facie showing that the claim satisfies § 2244(b)." *Id*. citing *Felker v. Turpin*, 518 U.S. 651, 657 (1996); § 2244(b)(3)(C).

> As these claims, the Fifth Circuit held:
>
> Perry does not contend that this claim relies on a new rule of law. He argues, however, that the absence of DNA testing qualifies as "new evidence" because, if DNA tests were conducted, they would eliminate the possibility of his guilt. To meet § 2244(b)(2)'s actual innocence provision, Perry must show that "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence," § 2244(b)(2)(B)(i), and that "the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense," § 2244(b)(2)(B)(ii). Perry has not made a prima facie showing that his claim satisfies this standard. The sexual abuse of the victim occurred on more than one occasion over an extended period of time. The fluid sample was taken at a single point in time.
>
> In light of the foregoing, IT IS ORDERED that Perry's motion for leave to file a successive § 2254 application is DENIED IN PART with respect to his request for leave to raise a § 2254 claim that his due process rights were violated when the Mississippi Supreme Court denied his 2015 and 2017 motions for DNA testing. The district court's transfer order is VACATED IN PART with respect to Perry's due process claim, and the case is REMANDED to the district court for proceedings consistent herewith.

ECF Doc. 8 at 2-3.

On April 16, 2019, the court ordered the State to file a responsive pleading to Perry's federal petition for a writ of *habeas corpus*. ECF Doc. 9. The court explained that the Fifth Circuit treated Perry's request that this court order DNA testing in Ground Two of the instant federal *habeas* petition as a motion for leave to file a successive petition for a writ of *habeas corpus* and denied that motion (upholding this court's transfer of the claim as successive). *See id*.; *see also* ECF Doc. 8. This court, in accordance with the Fifth Circuit's holding, found that Perry's other claim in Ground One (that the State's decision to decline his request for DNA testing violated his right to due process) was *not* successive and required the State to respond to that claim in Perry's petition. *See id*.

8

*Failure to State a Habeas Corpus Claim*

As an initial matter, Perry's request to obtain DNA testing will be dismissed for failure to state a constitutional claim. *See* ECF Doc. 1 at 14. Mr. Perry filed the instant petition under 28 U.S.C. § 2254, which provides, in relevant part:

(a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody *in violation of the Constitution or laws or treaties of the United States.*

28 U.S.C. § 2254(a) (emphasis added). To maintain a petition for a writ of *habeas corpus*, Perry must be deprived of some right secured to him by the Constitution or the laws of the United States. *Irving v. Thigpen*, 732 F.2d 1215, 1216 (5th Cir. 1984); *Baker v. McCollan*, 443 U.S. 137 (1979); *Trussell v. Estelle*, 699 F.2d 256, 259 (5th Cir. 1983). Should a petitioner fail to allege a deprivation of such a right, he has not stated a claim for *habeas corpus* relief, and the claim must be dismissed. *Irving, supra* at 1216.

Mississippi has created a state statutory right to DNA testing under certain circumstances; however, there is no federal constitutional right to post-conviction DNA testing. *Dist. Atty's Office for the Third Judicial Dist. v. Osborne*, 557 U.S. 52, 72-74 (2009). A federal *habeas corpus* petitioner has no right to collaterally challenge a state-court's application of its statute governing DNA testing. *Skinner v. Switzer*, 562 U.S. 521, 533-34 (2011) (noting that *habeas corpus* is not an available remedy where relief sought is not earlier release from custody – and concluding that a convicted state prisoner may pursue a procedural due process claim concerning access to DNA testing under 42 U.S.C. § 1983).[2]

---

[2] While a request for DNA testing may entitle a prisoner to a cause of action under 42 U.S.C. § 1983, if he can show that the Mississippi statute, as applied, violated his constitutional rights, the United States Supreme Court has noted that a federal action for DNA testing by a state prisoner is "severely limit[ed]" and requires the plaintiff "to show that the governing state law denies him

Perry's entitlement to DNA testing is solely a question of state law and not one of constitutional magnitude. Any right that Perry may have regarding post-conviction DNA testing arises solely under Mississippi law – not the United States Constitution. *See Johnson v. Thaler*, 2010 WL 2671575 (S.D. Tex. June 30, 2010) (citing *Trevino v. Johnson*, 168 F.3d 173, 180 (5th Cir. 1999)). Mississippi's post-conviction statutes have created a right to post-conviction DNA testing available to a criminal defendant, if the movant claims:

> [t]hat there exists biological evidence secured in relation to the investigation or prosecution attendant to the petitioner's conviction not tested, or, if previously tested, that can be subjected to additional DNA testing, that would provide a reasonable likelihood of more probative results, and that testing would demonstrate by reasonable probability that the petitioner would not have been convicted or would have received a lesser sentence if favorable results had been obtained through such forensic DNA testing at the time of the original prosecution.

Miss. Code Ann. § 99-39-5(1)(f).

Mr. Perry has not raised a valid *habeas corpus* claim regarding DNA testing, as that right arises solely under Mississippi law. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (instructing that "it is not the province of a federal *habeas* court to reexamine state-court determinations on state-law questions," as "[i]n conducting a federal *habeas* review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.").[3] Thus, to the extent that Mr. Perry seeks DNA testing of evidence in his request for relief in the instant petition (framed as a due process challenge to the Mississippi Supreme Court's denials of his request for DNA testing), he fails to state a

---

procedural due process" to prevail on his claim`. *Skinner*, 562 U.S. at 524-25; *see also Garcia v. Castillo*, 431 F. App'x 350, 353 (5th Cir. 2011) (applying *Skinner, supra*).

[3] This conclusion remains true even if the state courts erred in their application of the DNA statute to a movant's case. "[M]ere errors of state law" fail to raise a due process issue. *Engle v. Isaac,* 456 U.S. 107, 121 and n.21 (1982); *Trevino*. 168 F.3d at 180 (noting that *habeas corpus* relief is not available to correct infirmities in state post-conviction proceedings).

constitutional claim for *habeas corpus* review.

*Perry's Claims Challenging the Mississippi Supreme Court's 2015 and 2017
Rulings Regarding Whether He Enjoyed Due Process When
He Was Denied DNA Testing Are Untimely Filed.*

Decision in this case is governed by 28 U.S.C. § 2244(d), which provides:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U. S.C. § 2244(d)(1) and (2).

As set forth above in Ground One of the instant petition, Mr. Perry states that he is "appealing the denial of his 2015 and 2017 [motions for post-conviction relief]." *Id*. at 8. According to Mr. Perry, the Mississippi Supreme Court denied his right to due process when the Mississippi Supreme Court denied his motion for DNA testing on post-conviction review. *Id*. On May 20, 2015, the Mississippi Supreme Court entered an Order denying Perry's request for DNA testing, specifically holding that Perry failed to show that there is a reasonable probability that DNA testing would have affected the

11

outcome of his trial. *See* Exhibit G. Thus, under the AEDPA's one-year statute of limitations, any federal petition for a writ of *habeas corpus* challenging that decision was due in this court on or before May 20, 2016 (May 20, 2015 + 1 year), at the very latest, absent any statutory or equitable tolling.[4]

Over two years later, on September 29, 2017, Perry filed another *pro se* "Application for Leave to Proceed in the Trial Court on Motion for Post-Conviction Collateral Relief," again seeking, *inter alia*, DNA testing and asserting a claim of "newly discovered evidence." *See* SCR, Cause No. 2011-M-00194. On November 29, 2017, the Mississippi Supreme Court entered an Order denying Perry's claim of alleged "newly discovered evidence" as insufficient to warrant relief, and dismissing Perry's remaining claims as time-barred and successive writ barred. *See* Exhibit H. Thus, under the AEDPA's one-year statute of limitations, any federal petition for a writ of *habeas corpus* challenging that decision was due in this court on or before November 29, 2018, absent any statutory or equitable tolling.[5]

Under the "mailbox rule," the instant *pro se* federal petition for a writ of *habeas corpus* is deemed filed on the date the petitioner delivered it to prison officials for mailing to the district court. *Coleman v. Johnson,* 184 F.3d 398, 401, *reh'g and reh'g en banc denied,* 196 F.3d 1259 (5th Cir. 1999), *cert. denied,* 529 U.S. 1057, 120 S. Ct. 1564, 146 L.Ed.2d 467 (2000) (citing *Spotville v. Cain,* 149 F.3d 374, 376-78 (5th Cir. 1998)). As to the Mississippi Supreme Court's May 20, 2015, ruling, the federal petition was filed sometime between the date it was signed on

---

[4] As discussed in detail below, Perry is not entitled to statutory or equitable tolling in the instant case. Perry filed another motion for post-conviction relief in the Mississippi Supreme Court in 2017; however, he signed and filed that motion *after* the expiration of his deadline to seek federal *habeas corpus* relief. Perry is thus not entitled to equitable tolling under 28 U.S.C. § 2244(d)(2) during the pendency of his 2017 post-conviction action in the Mississippi Supreme Court.

[5] As discussed in detail below, Perry is not entitled to statutory or equitable tolling in the instant case.

January 10, 2019, and the date it was received and stamped as "filed" in the district court on February 5, 2019. Giving the petitioner the benefit of the doubt by using the earlier date, the instant petition was filed some four years after the May 20, 2016, filing deadline.

In addition, to the extent that Mr. Perry is challenging the Mississippi Supreme Court's 2017 ruling, his federal petition was filed on January 10, 2019, forty-two (42) days beyond the expiration of his November 29, 2018, deadline to seek federal *habeas* relief in this court from the Mississippi Supreme Court's denial of post-conviction relief on November 29, 2017. As discussed below, Mr. Perry does not allege any "rare and exceptional" circumstance to warrant equitable tolling. *Ott v. Johnson,* 192 F.3d at 513-14.

*Statutory Tolling Is Not Warranted*

Mr. Perry seems to argue that his claim falls under the "newly discovered evidence" exception to the one-year *habeas corpus* limitations period. *See* 28 U.S.C. § 2244(d)(1)(D). In paragraph 18 of the instant petition, Perry alleges that the one-year statute of limitations provision of the AEDPA does not apply in his case because the factual predicate of his claims could not have been discovered through the exercise of due diligence. ECF Doc. 1 at 18. Perry further argues that the results of the DNA tests were not discoverable at the time of trial because the biological evidence was never tested. *Id.* Perry contends that the one-year limitations period should be tolled and not counted against his right to have DNA testing performed on a crucial piece of allegedly exculpatory evidence to prove his innocence.[6] *Id.* This claim of "newly discovered evidence" does not constitute a "factual predicate"

---

[6] Despite Perry's claim that the biological evidence in his case is "exculpatory," as the Fifth Circuit correctly found in remanding Ground One back to this court for further proceedings, "[t]he sexual abuse of [Perry's] victim occurred on more than one occasion over an extended period of time[,]" and "[t]he fluid sample was taken at a single point in time." ECF Doc. 8 at 2-3.

sufficient to warrant a later start date of the one-year statute of limitations under the AEDPA, as this evidence is not new. Perry would have been aware at his trial in 2002 that certain DNA evidence was not tested, and, as set forth above, he filed his first motion for DNA testing in the Mississippi Supreme Court in 2015. *See* SCR, Cause No. 2011-M-00194. Hence, Perry's "newly discovered evidence" argument is contrary to the record, which reflects that the information upon which Perry bases his claim was available to him as early as 2002, and, at the very latest, by 2015. As such, he has not produced any new evidence or advanced any valid claims resting upon "newly discovered evidence" – or based upon legal claims previously unavailable to him – to establish that he is entitled to the benefit of the "factual predicate" exception to the AEDPA statute of limitations as set forth in 28 U.S.C. § 2244(d)(1)(D).

Perry argues in his Response to the State's Motion to Dismiss that the one-year limitations period should have been tolled while his motion for authorization to file a successive *habeas corpus* petition was pending in the Fifth Circuit Court of Appeals. *Fierro v. Cockrell*, 294 F.3d 674, 679 (5th Cir. 2002). The Fifth Circuit has rejected his argument, as that is not one of the triggers for statutory tolling found in 28 U.S.C. § 2244(d). Thus, because Perry's federal *habeas corpus* petition is untimely filed and does not fall under any exception to § 2244(d), the instant petition for a writ of *habeas corpus* is time-barred and should be dismissed with prejudice. *See* 28 U.S.C. § 2244(d).

*Equitable Tolling Does Not Apply*

"The doctrine of equitable tolling preserves a [petitioner's] claims when strict application of the statute of limitations would be inequitable." *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir.2000) (per curiam) (internal quotations omitted). The one-year limitations period of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") in 28 U.S.C. § 2255(f) is not

jurisdictional; thus, it is subject to equitable tolling. *United States v. Wynn*, 292 F.3d 226, 230 (5th Cir. 2002). For this reason, a district court may toll the AEDPA limitations period. *Id.* at 229–30.

The decision whether to apply equitable tolling turns on the facts and circumstances of each case. *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir.2000); *see also Alexander v. Cockrell*, 294 F.3d 626, 628 (5th Cir.2002) (per curiam). However, a court may apply equitable tolling only "in rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir.1998); *see also Minter v. Beck,* 230 F.3d 663, 666–67 (4th Cir.2000) ("[E]quitable tolling of the AEDPA's one year limitation period is reserved for those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result.") (quotation omitted).

The petitioner bears the burden of establishing that equitable tolling is warranted. *See Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir.), modified on reh'g, 223 F.3d 797 (2000) (per curiam). In order to satisfy his burden, the petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" of timely filing his § 2255 motion. *Lawrence v. Florida*, 549 U.S. 327, 127 S.Ct. 1079, 1085, 166 L.Ed.2d 924 (2007). A petitioner's delay of even four months shows that he has not diligently pursued his rights. *Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001). "[N]either excusable neglect nor ignorance of the law is sufficient to justify equitable tolling." *Sutton v. Cain*, 722 F.3d 312, 316 (5th Cir. 2013). In the Fifth Circuit, "neither a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling." *See Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999). Mr. Perry has not stated a valid reason for filing his petition beyond the one-year deadline, as he has not shown that something outside his control prevented him from filing a timely petition. As such, he may not rely upon equitable tolling to render his petition timely.

*Conclusion*

For the reasons set forth above, the instant petition for a writ of *habeas corpus* will be dismissed for failure to state a claim upon which relief could be granted – and as untimely filed. A final judgment consistent with this memorandum opinion will issue today.

SO ORDERED, this, the 17th day of March, 2020.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE